**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAMIEN BRABOY, R57995,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-452-DWD** |
| | ) | |
| **NURSE ANNIE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Damien Braboy, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. (Doc. 1). Plaintiff's complaint concerns the alleged lack of care he received after he fell in his cell. The original complaint was dismissed for failure to state a claim (Doc. 7), and Plaintiff's amended complaint (Doc. 9) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

The factual allegations in the original and amended complaints are largely similar. Plaintiff alleges in the amended complaint that on February 13, 2024, around 2:30am he fell and hit his head on the floor while rising to collect medication from Defendant Nurse Annie. (Doc. 9 at 5). He alleges that Annie witnessed the event and knew he injured his forehead and low back. Plaintiff claims that he called out to Annie asking for help, but she told him she did not have time to assist because she had to pass out medication. Despite Annie's alleged refusal to help on the spot, Plaintiff also states that she called a code 3 for a medical emergency. (*Id.* at 5-6). He also alleges that around 3:15am Annie wrote a medical incident report.

Regardless of Annie's actions, Plaintiff alleges he laid on his cell floor in pain for nearly five hours. In the following days, he alleges he experienced blackouts, dizziness, and headaches, among other things. (*Id.* at 6). He alleges he sought medical attention but was ignored, even when he had a visible lump on his head. Plaintiff faults Annie for exhibiting deliberate indifference to his obvious injury, and he alleges that the delay in care caused unbearable suffering and lasting symptoms.

The key distinction is that the original complaint alleged that Annie was accompanied by an officer who left the scene to seek medical attention for Plaintiff (Doc. 1 at 3), whereas the amended complaint now omits all mention of anyone accompanying Annie who took action (Doc. 9).

## Analysis

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). If an inmate alleges a delay in treatment, he must present verifying medical evidence that the delay, and not the medical condition itself, caused some harm. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). He must also show it was the defendant's actions or inaction that caused the delay in treatment. *Walker*, 940 F.3d at 964.

As with the original complaint, Plaintiff faults Nurse Annie for a single interaction on February 13, 2024, that occurred while she was performing medication rounds in the cellhouse. Generally, a single interaction with a prison employee is not enough to establish deliberate indifference absent extreme circumstances. *See e.g.*, *Owens v. Duncan*, 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.

1997) ("isolated instances of neglect … cannot support a finding of deliberate indifference"). The Court previously dismissed the claim against Annie in part because the officer who accompanied her left to seek care. Plaintiff has omitted this information from the amended complaint, perhaps in an attempt to make Annie's actions look more egregious, but the Court is still not persuaded that Plaintiff has a viable claim against Annie. Notably, in the amended complaint Plaintiff now states that Annie initiated a code 3 for a medical emergency and prepared an incident report when she finished medication rounds. Both of these actions indicate that Annie attempted a proactive response to get Plaintiff care. That the care was ultimately not provided might amount to negligence, but it surely does not establish that Annie exhibited a total disregard for Plaintiff's well-being. As such, Plaintiff cannot proceed on the Eighth Amendment claim against Annie.

Having reviewed Plaintiff's allegations twice with little meaningful variation between the pleadings, the Court finds it unnecessary to invite further amendments. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

## <u>Disposition</u>

**IT IS HEREBY ORDERED THAT** Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED** with prejudice for failure to state a claim. The Clerk of Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.10.13 12:00:35 -05'00'

DAVID W. DUGAN
United States District Judge